**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REO BOREN, | Nos. 11-15990, 11-16070 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00174-LRH-VPC |
| v. | |
| BOCCA, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted September 10, 2012[**]

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

In these consolidated appeals, former Nevada state prisoner Reo Boren

appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action

alleging excessive force, conspiracy, and unconstitutional conditions-of-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

confinement claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (dismissal for failure to exhaust); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)). We affirm.

The district court properly granted summary judgment on Boren's excessive force claim because Boren failed to raise a genuine dispute of material fact as to whether defendants acted maliciously or sadistically to cause harm when restraining him during the July 5, 2007 incident, or escorting him to the infirmary afterwards. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (core judicial inquiry in determining excessive physical force in violation of Eighth Amendment is whether force was applied in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm).

The district court properly dismissed Boren's conspiracy claim for failure to state a claim. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand dismissal).

The district court properly dismissed without prejudice Boren's conditions-of-confinement claim because Boren failed to exhaust administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

The district court did not abuse its discretion in denying Boren's motions for appointment of counsel because Boren failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

Boren's contentions regarding the district court's alleged procedural errors and bias are unpersuasive.

We do not consider the district court's denial of Boren's request for a preliminary injunction to preserve evidence because Boren did not raise it in his opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**